UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA RENTERIA GOMEZ,

                Plaintiff,

v.

ROGERS, et al.,

                Defendants.

_____/

Civil Action No. 24-11666

Shalina D. Kumar
United States District Judge

David R. Grand
United States Magistrate Judge

### <u>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 1)</u>

On June 27, 2024, plaintiff Joshua Gomez ("Gomez"), an inmate of the Michigan Department of Corrections ("MDOC"), filed his *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against numerous MDOC employees.  (ECF No. 1).

In his complaint, Gomez writes that he is "in need of a lawyer due to I do not understand or comprehend all that I am doing," and that although he has been involved in prior litigation, he "had a legal writer," which he no longer is able to use.  (*Id.*, PageID.1, 8).  The Court will construe Gomez to be moving the Court for the appointment of counsel.

Pursuant to 28 U.S.C. §1915, "[t]he court ***may*** request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  "Appointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits.  *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal

quotations and citations omitted).

Having reviewed Gomez's motion and other filings, and considering the relevant factors, the Court finds that he has not shown "exceptional circumstances" meriting the appointment of counsel.   While the Court is sensitive to Gomez's desire to have the assistance of counsel, he adequately articulated the basis of his claims in his complaint and he appears capable of understanding the issues and advocating for himself.   *See Richmond v. Settles*, 450 F. App'x 448, 450 (6th Cir. 2011) (finding that district court did not abuse its discretion in denying inmate plaintiff's Motion for Appointment of Counsel, considering the plaintiff's "inability to afford counsel, his limited access to a law library, and his limited knowledge of the law."); *see, e.g., Stewart v. United States*, 2017 WL 939197, at *1 (W.D. Tenn. Mar. 7, 2017) (finding appointment of counsel not warranted "on grounds that the issues in the case are 'too complex for him' and that he has 'extremely limited access to the law library,' is 'mentally ill,' 'does not have an education,' and has 'a limited knowledge of the law'... Nothing distinguishes this case from the numerous other petitions filed by indigent prisoners and Petitioner has been able to proceed proficiently on his own at all stages of this litigation").   Moreover, Gomez has not shown an inability – should this case proceed through discovery – to obtain the information he will need to prosecute the case, and he will be able to utilize the same procedures authorized by the Federal Rules for obtaining discovery that an attorney could utilize.

For the above reasons, **IT IS ORDERED** that Gomez's motion for appointment of counsel **(ECF No. 1)** is **DENIED WITHOUT PREJUDICE**.   Should Gomez's case survive substantive dispositive motion practice and proceed to trial, he may file a renewed

motion for the appointment of counsel at that time.  And, even if such a renewed motion is

denied, arrangements would be made for Gomez to represent himself at trial.


Dated: February 24, 2026                              s/David R. Grand
Ann Arbor, Michigan                                   DAVID R. GRAND
                                                      United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of
fourteen (14) days from the date of receipt of a copy of this order within which to file
objections for consideration by the district judge under 28 U.S. C. §636(b)(1).


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record
and any unrepresented parties via the Court's ECF System to their respective email or
First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February
24, 2026.

                                                      s/Julie Owens
                                                      JULIE OWENS
                                                      Case Manager

3